# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMY WEIS, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **with JURY TRIAL DEMAND** |
| TRIAGE STAFFING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Amy Weis, for her Complaint against the above-named defendant, states as follows:

1. Weis is a resident of Omaha, Douglas County, Nebraska.

2. Triage Staffing, Inc. ("Triage") is a Nebraska corporation, which conducts a staffing business in Omaha, Douglas County, Nebraska.

3. Triage is Weis's former employer.

4. Weis was employed in the capacity of Accounts Manager from November 2013 through March 2015.

5. During her employment, Weis made known to Triage her disability and requested an accommodation for her disability. Her disability is PTSD and mental anxiety disorders, which required medication. With accommodation, Weis could perform the essential functions of her position of Accounts Manager.

6. She requested an accommodation consisting of the use of earbuds while working to permit her to focus on her work and block out distractions. Specifically, she asked her

direct supervisor Erik Mockelstrom for this but was denied, even though other employees were permitted to use earbuds while working.

7. Weis was subjected to severe and pervasive harassment based upon her disability, record of disability, request for an accommodation, and her sex. She was also given less favorable assignments due to her disability, record of disability, and sex and in retaliation for her complaints about harassment and request for an accommodation.

8. Specifically, Mockelstrom made frequent sexual comments to Weis at work, in person and by email. He told her she could "pat my smith anyday." He discussed with another supervisor, Jason Sagehorn, their made up claim that Weis was "fucking" another employee named Michael Wicker and called Weis a "Wicker-fucker" in reference to him.

9. In another instance, Mockelstrom said to Weis with regard to a potential Triage nurse employee that "I slept with an OR Tech once …. this gives new definition to fuck you and the horse you rode in on."

10. In another instance, after Mockelstrom announced he was leaving early for the day and Weis asked why, he replied solely to her. His greeting to her was "Hookers and Coke," i.e., instead of "Dear Amy," he greeted her with that salutation in the email. He then informed her: "I can do this, because I am good at moving money from the clients pocket to my own pocket."

11. In a situation involving Weis's other supervisor, Jason Sagehorn, he approached Weis at her desk and asked her to grab his private area and pressed his private area against her shoulder/upper arm, plainly against her wishes.

12. Triage employee Jesse Adams told Weis that if she was a cookie, she would be a "whore-o." Weis reported this to Mockelstrom to be addressed but he just laughed and told her to calm down but did not do anything.

13. Mockelstrom also harassed Weis based upon her disability or record of disability. One of her conditions made it difficult for her to remember things if working on several tasks at once. Mockelstrom berated her for her memory issue to her face and in front of others, and also by phone after work hours. He also berated her privately in conference rooms, saying things such as "you don't remember shit."

14. Weis complained to her trainer/supervisor Ray Petty and Triage's owners John Maaske and Tyler Piper about Mockelstrom and Sagehorn's behavior and her requests to them to stop but the situation was not addressed and did not improve.

15. On the basis of her sex, disability, record of disability and because of her complaints about harassment and discrimination, she was blocked from access to all available nursing candidates' information and other information needed to perform her job. As a result, she was not able to perform her job as well as others or as well as she could have with full information and was denied bonuses as a result.

16. Weis also requested a transfer out of the division in which she worked with Mockelstrom and Sagehorn. She made this request to Maaske and specifically said it was because of the conduct of Mockelstrom and Sagehorn but she was denied the transfer. Her last request for transfer was in February 2015 and she even offered to take a demotion and pay cut to get out of Mockelstrom's division.

17. Due to this hostile work environment and the failure to rectify the continued harassment, adverse actions, and environment after complaining to her supervisor and to the owners

of Triage, and failure to grant a transfer or demotion out of Mockelstrom's division, Weis felt compelled to resign in March 2015.

18. Weis's performance during her employment was satisfactory.

19. Following her resignation, Triage retaliated against Weis by contacting new and prospective employers and provided unfavorable references and derogatory information about her.

20. Weis filed a charge of discrimination and retaliation with the Nebraska Equal Opportunity Commission and dual-filed her charge with the federal Equal Employment Opportunity Commission. She exhausted her administrative remedies with both agencies and has timely filed this action after receiving the determination of each.

## COUNT I – DISABILITY DISCRIMINATION

21. The above-stated allegations are incorporated and restated here.

22. Weis is an individual with a disability, entitled to protections of the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act of 2008, and the Nebraska Fair Employment Practice Act.

23. Weis was harassed and suffered adverse employment action because of her disability. She was harassed and subjected to a severe and pervasive hostile work environment because of her disability. She was given less favorable assignments and forced to resign because of her disability. Such harassment and discrimination was done by Triage with malice or reckless indifference to Weis's rights.

24. Weis has been damaged as a result of the discrimination. She has lost past and future wages and benefits of her job and suffered ongoing physical and emotional distress, for which she has sought professional medical treatment.

WHEREFORE, Weis prays that the Court enter judgment against Triage and award her compensatory and punitive damages, reinstatement or front pay in lieu of reinstatement which is not possible due to antagonism between the parties, attorney's fees and costs as authorized by the ADA, the ADAAA, and the NFEPA, and what further relief the court deems just and warranted.

### COUNT II – FAILURE TO PROVIDE REASONABLE ACCOMMODATION

25. The above-stated allegations are incorporated and restated here.
26. Weis requested an accommodation for her disability so she could perform the essential functions of her job.
27. The request was denied by Triage without any lawful justification and with malice or with reckless indifference to Weis's rights.
28. Weis was harmed by the denial in that she suffered physical and emotional distress, for which she has sought professional medical treatment, and she was forced to resign as a result of the failure to provide the accommodation, resulting in past and future wage and benefit loss.

WHEREFORE, Weis prays that the Court enter judgment against Triage and award her compensatory and punitive damages, reinstatement or front pay in lieu of reinstatement which is not possible due to antagonism between the parties, attorney's fees and costs as authorized by the ADA, the ADAAA, and the NFEPA, and what further relief the court deems just and warranted.

### COUNT III – SEX DISCRIMINATION

29. The above-stated allegations are incorporated and restated here.
30. Weis is a member of a protected class, as a woman, under Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practice Act, and as such, entitled to the protections of those laws.

31. Weis was subjected to discrimination on the basis of her sex. She was subjected to sexually harassing and obscene comments by her direct supervisors and co-workers and complained about such harassment but the situation was not rectified. Such comments and treatment by her supervisors and co-workers were severe and pervasive, amounting to a hostile work environment, which no reasonable person should be required to endure. The discrimination and harassing treatment of Weis were done by Defendant with malice or with reckless indifference to Weis's rights.

32. As a result of the ongoing discrimination and harassment, she was forced to resign her employment.

33. Weis has been damaged as a result of the discrimination and harassment. She has lost past and future wages and benefits of her job and suffered ongoing physical and emotional distress, for which she has sought professional medical treatment.

WHEREFORE, Weis prays that the Court enter judgment against Triage and award her compensatory and punitive damages, reinstatement or front pay in lieu of reinstatement which is not possible due to antagonism between the parties, attorney's fees and costs as authorized by Title VII and the NFEPA, and what further relief the court deems just and warranted.

## COUNT IV – RETALIATION

34. The above-stated allegations are incorporated and restated here.

35. Upon complaining about the ongoing sexual harassment, harassment based on disability, and sex and disability discrimination, Weis was retaliated against. Her new employer was contacted and disparaging comments were made about her by Triage personnel. This was done to Weis by Defendant with malice or with reckless indifference to Weis's rights.

36. As a result, Weis was terminated from her new employer.

37. She has been damaged as a result of the retaliation. She has lost past and future wages and benefits and suffered ongoing physical and emotional distress, for which she has sought professional medical treatment.

WHEREFORE, Plaintiff prays that the Court enter judgment against Triage and award her compensatory and punitive damages, reinstatement or front pay in lieu of reinstatement which is not possible due to antagonism between the parties, attorney's fees and costs as authorized by Title VII, the ADA, the ADAAA, and the NFEPA, and what further relief the court deems just and warranted.

38. Plaintiff hereby demands trial by jury on all of her claims.

Dated: July 19, 2016

AMY WEIS, Plaintiff

BY: /s/ *Bonnie M. Boryca*
Bonnie M. Boryca, #24886
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Drive, Suite 100
Omaha, NE 68114
(402) 397-2200
boryca@eslaw.com
Attorneys for Plaintiff