## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

AMY WEIS,                                  CASE NO. 8:16-cv-356

    Plaintiff,

  v.                                               **JOINT MOTION AND STIPULATION**
                                                      **FOR PROTECTIVE ORDER**

TRIAGE STAFFING, INC.,

    Defendant.

    WHEREAS, the parties to this proceeding, Amy Weis and Triage Staffing, Inc., (referred to herein individually as "Party," or collectively as "Parties"), wish to protect certain confidential documents and information from public dissemination and agree to prevent such dissemination pursuant to the terms of the following Stipulation for Protective Order and jointly move the Court for approval of this stipulation;

    The Parties anticipate that there may be produced a party's confidential and sensitive personal and medical information (hereinafter, collectively referred to as "Confidential Information").

    WHEREAS Confidential Information should not be released into the public domain, but rather should be treated as confidential pursuant to the privacy interests of the Parties;

    WHEREAS Confidential Information should also not be released to Triage Staffing, Inc. itself or any of its employees or owners, to protect the privacy of Amy Weis;

    WHEREAS the Parties, through counsel, have agreed to be bound by this Stipulation for Protective Order and consent to the entry of this Stipulation for Protective Order to prevent unnecessary disclosure or dissemination of Confidential Information to anyone but counsel of record in this matter and consultants or expert witnesses who agree to and execute the attached Exhibit A, agreeing to be bound by the terms of this stipulation.

    IT IS HEREBY STIPULATED TO, AGREED AND ORDERED that the terms and conditions of this Stipulation for Protective Order shall govern the handling of the documents and other information produced by any Party:

809130

1. This Stipulation for Protective Order is entered for the purposes of this case and shall remain in full force and effect unless modified by an Order of this Court. Without limiting the foregoing, this Stipulation for Protective Order shall survive and remain in full force and effect after the termination of this litigation.

2. This Stipulation for Protective Order shall be effective between the parties immediately upon signing and filing it with the United States District Court for the District of Nebraska.

3. Nothing in this Stipulation for Protective Order shall limit or preclude the Parties from applying to the Court to modify the terms herein, or for further or additional protective orders as the Court may deem appropriate.

4. When used in this Stipulation for Protective Order, the word "documents" means all written, recorded, graphic, or electronically stored information whatsoever including, but not limited to, documents produced by a producing Party to this action whether pursuant to Nebraska Rules of Civil Discovery, a subpoena, or by agreement.

5. For purposes of this Stipulation for Protective Order, the term "Party" includes a Party's agents, attorneys, directors, employees, members, officers and partners.

6. Portions of documents and materials produced or provided by any Party and that are marked "CONFIDENTIAL-ATTORNEY EYES ONLY" shall be considered confidential material so long as such materials fall within the above definition of "Confidential Information". The producing Party shall designate clearly on any document or other material produced that its contents should be confidential, by labeling or identifying each document or other material as "CONFIDENTIAL-ATTORNEY EYES ONLY."

7. All documents requested by and/or produced in response to a subpoena to a non-party or otherwise produced by a non-party shall be presumed to be Confidential Information pursuant to this Stipulation for Protective Order and treated as such, unless otherwise ordered by the Court or agreed to by the Parties and the non-party producing such documents. The presumption expires after 14 days from when the Parties receive the non-party's production unless within that time period a Party or the non-party producing the documents designates the documents "CONFIDENTIAL-ATTORNEY EYES ONLY" pursuant to this Stipulation for Protective Order.

809130

8. Documents labeled or identified as "CONFIDENTIAL-ATTORNEY EYES ONLY" shall be revealed only to and used by:

   a. This Court and its staff/personnel (offered under seal or as restricted-access documents pursuant to the Court's local rules);

   b. Counsel of record in this action for Parties, along with those employed by counsel;

   c. Any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the Parties agree to appear or are ordered to appear;

   d. Independent experts or consultants retained by counsel or Parties, and deposition or trial witnesses who may examine "CONFIDENTIAL-ATTORNEY EYES ONLY" materials in connection with discovery and the presentation of evidence in court proceedings in this matter, and who, before receiving such materials or information, have signed a Nondisclosure Agreement in the form attached as Exhibit "A", certifying that they have read this Stipulation for Protective Order and agree to be bound by its terms;

   e. Third-party vendors retained by the Parties or their counsel who are involved in one or more aspects of copying, reproducing, coding, or storing discovery materials;

   f. Persons actually deposed or called to testify at hearings or trial concerning such Confidential Information; and,

   g. Such other persons as the Court may specifically approve after notice and hearing.

9. No access to Confidential Information shall be provided to any expert or consultant, as identified in Paragraph 8(d) herein, until the individual to be accorded access has signed a Nondisclosure Agreement in the form attached as Exhibit "A", certifying that they have read this Stipulation for Protective Order and agree to be bound by its terms. This Stipulation for Protective Order shall not be construed to allow discovery or compel disclosure of the identities of, or any other non-discoverable information regarding, non-testifying or consulting experts.

10. No "CONFIDENTIAL-ATTORNEY EYES ONLY"-designated material may be used by any recipient or disclosed to anyone for any purpose other than in connection with this

809130

action and shall not be disclosed by the recipient to anyone other than those persons designated above, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties or by Order of the Court.

11. If timely corrected, an inadvertent failure to designate qualified information or materials as "CONFIDENTIAL-ATTORNEY EYES ONLY" does not, standing alone, waive any Party's right to secure protection for such material. If information or material is appropriately designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" after the material was initially produced, the receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions herein.

12. Acceptance by a Party of any information, document or thing identified as "CONFIDENTIAL-ATTORNEY EYES ONLY" hereunder does not waive the receiving Party's right to contest or challenge the other Party's claim that the information, document or thing is confidential. Any Party may bring before the Court the question of whether particular information designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" is in fact Confidential Information. However, the Parties shall agree to attempt to resolve any such disputes prior to bringing them to the Court. Until the Court has ruled on any disputed designations of confidentiality, the Parties shall treat information and documents properly designated as "CONFIDENTIAL-ATTORNEY EYES ONLY" by another Party as such. Nothing herein shall preclude either Party from challenging in court the confidential status of any document. Upon a challenge of confidentiality before the Court, the Party claiming confidentiality of certain information and/or document(s) bears the burden of proving that such information and/or document(s) is Confidential Information.

13. Should circumstances arise in which any Party wishes to designate as "CONFIDENTIAL-ATTORNEY EYES ONLY" any material or information that is contained in a deposition transcript, the Party shall indicate orally at the time of the deposition which certain parts of the testimony it intends to designate as confidential, or will so designate within thirty days after receipt of the deposition transcript, by advising the other Parties of the specific portions of the testimony it contends are confidential, unless the Parties agree to an extension of that period of time. Until the period of time for designation has passed, or until the Court has

809130

ruled on any disputed designations of confidentiality, the Parties shall treat the designated portions of any deposition transcripts as "CONFIDENTIAL-ATTORNEY EYES ONLY."

14. Nothing in this Stipulation for Protective Order is intended to limit, enhance or otherwise affect the scope of permissible discovery or the use or admissibility of evidence at trial. This Stipulation for Protective Order is not intended to eliminate, or provide additional, objections or defenses to discovery, including any such objections or defenses based on any legally recognized privileges or protections.

15. If a non-party, by subpoena or otherwise, provides or produces documents or information containing Confidential Information, any Party may designate such documents or information as "CONFIDENTIAL-ATTORNEY EYES ONLY" within thirty days of being notified of the production, and the document or information shall then be subject to the terms of this Stipulation for Protective Order.

16. Upon final disposition of this matter by a court of competent jurisdiction or upon conclusion of any settlement, all Confidential Information furnished or produced under the terms of this Stipulation for Protective Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial, and material which, in the judgment of the attorney in possession of the materials, are work product materials, shall be destroyed or delivered to counsel of the producing Party, unless otherwise agreed in writing. Counsel for the Parties may retain all materials in their files relating to this case, but in so doing must comply with the terms set forth herein, meaning that all Confidential Information must be retained in confidence under the terms of this Stipulation for Protective Order.

17. By complying with this Stipulation for Protective Order, no Party waives any right it would otherwise have to object to disclosing or producing records on any ground not addressed herein. Similarly, no Party waives any right to object on any ground to use in evidence or during pretrial discovery or during trial of Confidential Information.

18. Any waiver under this Stipulation for Protective Order must be made in writing or, if at a deposition or in Court, on the record.

809130

January 26, 2017.                                BY THE COURT:

                                                                                Cheryl R. Zwart
                                                                                 United States Magistrate Judge

Stipulation approved as to form and substance:

AMY WEIS, Plaintiff                              TRIAGE STAFFING, INC., Defendant

By: */s/ Bonnie M. Boryca*                       By:     /s/ Damien J. Wright
     Bonnie M. Boryca, #24886                         Larry E. Welch, Jr., #20507
     ERICKSON | SEDERSTROM, P.C.                      Damien J. Wright, #23256
     10330 Regency Parkway Drive, Suite 100           Welch Law Firm, P.C.
     Omaha, NE 68114                                  1299 Farnam Street, Suite 1220
     (402) 397-2200                                   Omaha, NE 68102
     boryca@eslaw.com                                 Defendant's Attorneys
     Plaintiff's Attorneys

809130

# **Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMY WEIS, | CASE NO. 8:16-cv-356 |
|     Plaintiff, | |
|   v. | NON DISCLOSURE AGREEMENT |
| TRIAGE STAFFING, INC., | |
|     Defendant. | |

    I, _____, do hereby acknowledge that I have received and read the Stipulation for Protective Order entered in the above entitled case. I understand the terms of that Stipulation for Protective Order, and I agree to be bound by its terms and to be subject to the jurisdiction of this Court for enforcement of all terms of the Stipulation for Protective Order and for judicial action for any violation of the Stipulation for Protective Order.

    DATED this ____ day of _____, 201__.

                                                                                              _____

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

Subscribed and sworn to before me this ___ day of _____, 201__.

                                                                     _____
                                                                     Notary Public

809130